UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,              Case No. 23-CR-0296 (PJS/LIB)

      Plaintiff,

v.                                     ORDER

JERALD ROBERT COBENAIS,

      Defendant.

    Hillary A. Taylor and Rachel Lynn Kraker, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

    Daniel P. Huddleston and Shannon R. Elkins, FEDERAL DEFENDER'S OFFICE, for defendant.

    This matter is before the Court on defendant Jerald Cobenais's objection to the February 15, 2024, Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois.  Judge Brisbois recommends denying Cobenais's motion to suppress statements that he made during an interrogation by law enforcement.  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).  Based on that review, the Court overrules Cobenais's objection and adopts the R&R.

    Only one matter merits comment.  Cobenais asserts that the R&R misapprehended the significance of his stating, "I feel like I have—I should have a lawyer, but—."  Cobenais characterizes his statement as an attempt to end the interview and complains that the interrogating officers disregarded his request and instead urged

him to continue talking to "get out in front of it." Cobenais argues that because he "sought to exercise his option of terminating the interview, only to meet resistance from his interrogators," his interrogation became custodial at that point. *United States v. Czichray*, 378 F.3d 822, 829 (8th Cir. 2004).

Even if the statement "I feel like I have—I should have a lawyer, but—" could reasonably be characterized as an attempt to end the interview, Special Agent Paul Voss responded to that statement by clearly telling Cobenais "you're not in custody" and by alluding (albeit somewhat vaguely) to what Special Agent Voss had told Cobenais at the beginning of the interview, including: "[Y]ou're not in custody at all," "You're not under arrest," "You're free to end it at any time," and "You can leave, you can walk out. You can say, 'I don't want to talk to you guys anymore.' That's totally up to you." Special Agent Voss then warned Cobenais that, if he did choose to terminate the interview, he would forego his opportunity to tell his side of the story before a prosecutor decided whether to charge him. Such mild encouragement to get Cobenais to continue the interview is not "resistance" that constitutes a "restraint on freedom of movement of the degree associated with a formal arrest." *Id*. at 826 (quoting *California v. Beheler*, 463 U.S. 1121, 1125 (1983)); *see also United States v. Warsame*, 488 F. Supp. 2d 846, 855–56 (D. Minn. 2007) (finding an ostensibly "voluntary" interview custodial where FBI agents drove the defendant hours away to a military base, kept him

overnight, and resisted his requests to return home with equivocal statements (e.g., "that they would transmit his request")).  Even after hearing Special Agent Voss's warning, a reasonable person in Cobenais's "position would have felt at liberty to end the interrogation and leave."  *United States v. Brave Heart*, 397 F.3d 1035, 1038–39 (8th Cir. 2005) (citations omitted).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's objection to the R&R [ECF No. 48] is OVERRULED.

2. The Report and Recommendation [ECF No. 47] is ADOPTED.

3. Defendant's motion to suppress statements, admissions, and answers [ECF No. 24] is DENIED.

Dated:  March 19, 2024

Patrick J. Schiltz, Chief Judge
United States District Court